IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM CLARK and ROSE JAMES,
individually, and on behalf of others similarly
situated,
    Plaintiffs,

vs.                                             Case No.: 3:09cv169/RV/EMT

BELLSOUTH TELECOMMUNICATIONS,
INC.,
    Defendant.
_____/

**PROTECTIVE ORDER**

        Plaintiffs William Clark and Rose James and Defendant BellSouth Telecommunications, Inc. ("BellSouth") agree that it is necessary to have a Protective Order to preserve the confidentiality of documents, information, and testimony to be produced and/or given by the parties and/or witnesses. The Court finds that certain information, documents, and things to be produced in discovery in this litigation should be kept confidential in order to protect the parties' legitimate business interests and the privacy rights of plaintiffs, defendant, its customers, and its employees (past and present). Further, the Court finds that such information, documents and things are likely to include plaintiffs' income and other financial information, personnel and earnings information pertaining to other current and former employees, information regarding defendant's financial information, defendant's proprietary business information and valuable customer information, and assorted confidential correspondence. Because the public disclosure of such information, documents and things might cause trade secret and confidential commercial information to be disclosed to the detriment of the parties, the Court finds that "good cause"—pursuant to Fed. R. Civ. P. 26(c)—has been established and the following Order is hereby entered:

It is **ORDERED, ADJUDGED AND DECREED THAT**:

1. For the purposes of this Protective Order, the following definitions shall govern:

(a) "PARTY" shall mean the named parties in the instant lawsuit, including all individuals who consent to be plaintiffs in this case, and all employees and agents thereof.

(b) "CONFIDENTIAL INFORMATION" shall include, but is not limited to, the following categories of documents designated by counsel in good faith which a party reasonably considers to be confidential personnel, proprietary, financial, or trade secret information, the disclosure of which would compromise the privacy interests of current or former employees and/or may adversely affect a party or its competitive position or business operations:

    i. Documents identifying BellSouth's customers;

    ii. Documents discussing BellSouth's sales results, strategies or practices;

    iii. Training materials containing BellSouth's proprietary information or trade secrets;

    iv. Documents relating to union grievances;

    v. Documents relating to internal complaints;

    vi. Individual employee compensation information and payroll records;

    vii. Personnel records of BellSouth employees; and

    viii. Documents discussing confidential personnel matters.

The documents and data listed in (i) contain Customer Proprietary Network Information (more commonly referred to as "CPNI") that BellSouth is prohibited from disclosing pursuant to Title 47 U.S.C. § 222. The documents and data listed in (i), (ii) and (iii) contain confidential proprietary and trade secrets information that are maintained in a confidential manner by BellSouth. The documents and data listed in (iv), (v), (vi), (vii), (viii) contain individuals' personal identification information, medical information and other confidential personal information that are maintained in a confidential manner by BellSouth.

(c) "COUNSEL" shall mean all attorneys for the PARTIES in the above-captioned case.

2. All documents and information produced in this action that are designated as "Confidential" or "Confidential Subject to Protective Order" shall be subject to the provisions of the Order; provided, however, that the "Confidential" designation is intended to be applied only to information, documents or testimony containing non-public, proprietary, confidential, or personal information

that is treated by the proprietor thereof as confidential and proprietary and that is not otherwise publicly available or accessible. Upon the designation of any document as Confidential, all copies of such document then or at anytime thereafter in the possession or control of any party to this Order, from whatever source received, shall be subject to the provisions of this Order.

3. A PARTY desiring to have CONFIDENTIAL INFORMATION protected by this Protective Order must notify all others by stamping it "CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" prior to disclosure. For multi-page documents, each page thereof must be stamped "CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER." The failure to stamp documents with "CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" prior to disclosure as a result of mistake or oversight may be cured in accordance with Paragraph 14. Documents produced electronically also may be designated as Confidential by marking the CD or other computer media with the notation "CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER."

4. If a question arising at a deposition calls for an answer containing CONFIDENTIAL INFORMATION, or if the question contains CONFIDENTIAL INFORMATION, COUNSEL for the PARTY with an interest in protecting such CONFIDENTIAL INFORMATION shall, either at the deposition itself or within thirty (30) days after the receipt of the transcript thereof, notify all COUNSEL for the PARTIES that the information provided in such answer or question is considered CONFIDENTIAL and that the transcript or portion thereof reflecting such information shall be subject to the provisions of this Protective Order. The failure to designate deposition testimony confidential as a result of mistake or oversight may be cured in accordance with Paragraph 14.

5. Nothing contained herein shall prevent a PARTY from contesting an opposing PARTY's designation of certain information as "CONFIDENTIAL." If a PARTY objects to the designation of any information as "CONFIDENTIAL," COUNSEL for the objecting PARTY shall notify all COUNSEL for the PARTIES of the objection. If disputes regarding the objection cannot be resolved by agreement, COUNSEL may move the Court for an order denying CONFIDENTIAL treatment to the information in question. If such a motion is filed, the document or information shall be kept CONFIDENTIAL pending ruling on the motion. The burden of establishing the confidentiality of any document shall be on the PARTY producing the document.

6. Any information disclosed pursuant to this Protective Order shall be used solely for the purposes of this lawsuit or appeal or to any dispute related to this lawsuit or appeal and may not be used, or disclosed, for any other purposes.

7. Except as otherwise directed by this Court, the documents and information produced by the PARTIES and protected by this Order shall be revealed only to: (a) PARTIES in this action (including officers and employees of any PARTY), (b) COUNSEL (including law firm employees) for the PARTIES in this action, (c) their experts or consultants, (d) non-party witnesses in the case, (e) the Court and Court personnel for any purpose the Court finds necessary, and (f) jurors and Court personnel at trial of Plaintiff's action against Defendant, as necessary for trial purposes.

8. With the exception of persons identified in subparts (a), (b), (d) (if during the course of a deposition or trial), (e) and (f) of paragraph 7, no person entitled to access to protected documents or information under this Order shall be provided with the protected documents or information unless such individual has: (a) read the Order of this Court, and (b) completed and signed the affidavit attached hereto as Exhibit A. No person entitled to access to protected documents or information shall discuss the contents of any such materials with any other individual, except those individuals who are also permitted to view, inspect or examine the materials protected herein.

9. All persons receiving CONFIDENTIAL INFORMATION produced pursuant to this Protective Order shall read this Order and be advised of those documents' CONFIDENTIAL nature. All persons to whom CONFIDENTIAL INFORMATION is disclosed are hereby enjoined from disclosing same to any other person except as provided herein, and are further enjoined from using same except for the purpose of prosecuting or defending this lawsuit. No person receiving or reviewing such CONFIDENTIAL documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraphs 6 and 7 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

10. The receiving PARTY, COUNSEL, and any experts employed by the receiving PARTY or COUNSEL are strictly prohibited from disclosing CONFIDENTIAL INFORMATION to any individual not contemplated by the terms of this Protective Order absent a court order, subpoena, or the written consent of the originating PARTY.

11. No document containing CONFIDENTIAL INFORMATION may be filed under seal absent

a motion filed prior to the due date of the particular filing, showing good cause for sealing a portion of the record.

12. Upon receipt of an order from the Court granting leave to file certain documents under seal, the PARTY intending to file such documents shall (1) file public pleadings or briefs and file supplements encompassing the CONFIDENTIAL INFORMATION with the clerk under seal; or (2) file documents containing both protectable and non-protectable information and redact the protectable portions to maintain secrecy. In any case in which the Court permits a portion of a document to be filed under seal, the party filing the document must also file a public-record version that includes the entire filing except for the portions that are being filed under seal. The party filing under seal must also provide an unredacted copy directly to Chambers.

13. Any CONFIDENTIAL documents or information filed under seal, or any testimony associated with such documents or information, shall be held under seal unless the Court orders otherwise. Upon termination of this action, the PARTIES may withdraw any CONFIDENTIAL documents or information held under seal. Any CONFIDENTIAL documents or information held under seal which are not withdrawn by the PARTIES within thirty (30) days after termination of this action will become part of the public record.

14. Any failure to designate information as CONFIDENTIAL INFORMATION that was the result of mistake or oversight may be cured after the date of production by providing notice to the opposing party within a reasonable time after discovering the mistake or oversight and, to the extent reasonably possible, all others bound by the terms of this Protective Order. Upon receipt of such notice, such individuals shall immediately take action to maintain and restrict the use of such information in accordance with the terms of this Protective Order.

15. Nothing herein shall be construed as a waiver of any PARTY's right to object to the production or admissibility, at trial or hearing, of any evidence or testimony based upon any grounds other than confidentiality. Moreover, nothing herein shall be construed as a limitation on the originating PARTY's right to use or disclose its own information as it sees fit without the prior consent of the opposing PARTY or the Court notwithstanding its designation as "CONFIDENTIAL" for this matter.

16. Procedures for utilizing and disclosing information designated as "CONFIDENTIAL" during

trial shall be discussed and agreed upon by the PARTIES prior to the submission of the Final Pre-Trial Order and, if necessary, incorporated therein.

17. Upon termination of this litigation, whether by final judgment and appeal, or by settlement, all materials and documents designated as CONFIDENTIAL INFORMATION, as well as all copies, summaries, and abstracts thereof, shall be destroyed and/or kept CONFIDENTIAL by the PARTIES.

18. This Stipulated Protective Order may be modified or amended by further stipulation between the PARTIES and/or order of the Court for good cause shown.

**SO ORDERED**, at Pensacola, Florida, this 6th day of November 2009.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM CLARK and ROSE JAMES,
individually, and on behalf of others similarly
situated,
    Plaintiffs,

vs.                                        Case No.: 3:09cv169/RV/EMT

BELLSOUTH TELECOMMUNICATIONS,
INC.,
    Defendant.
_____/

## **AGREEMENT TO ABIDE BY PROTECTIVE ORDER**

      I, the undersigned, hereby acknowledge that I have received a copy of the Protective Order ("Order") entered in this action, which is attached hereto as Exhibit 1, have read the Order and agree to be bound by all of the provisions in it. I recognize that during my participation in this case, I may have occasion to read or hear matters which are designated "Confidential—Subject to Protective Order." I agree not to disclose any such confidential matter to any person not entitled to receive disclosure of same under the provisions of such Order and to use any such confidential matter solely in connection with my participation in this case. I also agree to return to counsel of record in this action any such confidential materials, including all copies, as soon as my participation in the case is concluded.

Dated:_____                _____
                                                        Signature

                                                        _____
                                                        Printed Name

*Exhibit A*